DOMENGEAUX, Chief Judge.
Plaintiff, Teche Bank & Trust Company, loaned money in 1982 to Wilbert Albert and Betty Jane Granger Albert, who were doing business as Wilbert Albert’s Shell Station. The debt was evidenced by a promissory note and secured by a mortgage on two parcels of land. The Alberts experienced financial difficulties and attempted to work out an agreeable settlement of their debts with Teche Bank in 1987. Unfortunately, the Alberts had granted a second mortgage on the property, and the holder of the second mortgage refused to release the property.
Teche Bank proceeded by executory process to recover the debt due. One parcel of the mortgaged property was appraised and advertised for public sale in accordance with La.C.C.P. art. 2721 et seq. Appraisers for both sides agreed on $135,000.00 as the value of the property. The property was then put up for sale and no bids were received. At the second sale, Teche Bank bought the property for costs, $580.00.
Teche Bank then sought a deficiency judgment against the Alberts pursuant to La.C.G.P. art. 2771. The amount owed, including principal and interest due, was $121,652.91. Teche Bank also sought attorney’s fees of $2,405.25. After two evi-dentiary hearings, the trial judge applied La.R.S. 13:4108.1, part of the Deficiency Judgment Act, and denied Teche Bank’s petition. We reverse.
In 1986, the Louisiana Legislature adopted La.R.S. 13:4108.1, which at the time of its enactment, when the facts herein arose, read as follows:
*1232 § 4108.1. Deficiency judgment when obligations based upon commercial transaction
A. Notwithstanding any other law to the contrary, including but not limited to R.S. 13:4106 and 4107, if a mortgagee or other creditor holds a mortgage, pledge, or privilege which secures an obligation in a commercial transaction, the mortgagee or other creditor may collect from or pursue any debtor, guarantor, or surety for a deficiency judgment on the secured obligation whether or not the mortgagee or other creditor has foreclosed on all or any of the property and sold such property at a judicial or private sale, with or without appraisal, regardless of the minimum bid, and whether or not the mortgagee or other creditor has acquired such property from any debtor, guarantor, or surety pursuant to a complete or partial dation en paiement. In no event, however, may a mortgagee or other creditor pursue any debtor, guarantor, or surety for more than the secured obligation, minus the reasonably equivalent value of the property sold.
B. For the purpose of this Section, the terms “commercial transaction” and “reasonably equivalent value” shall have the following meanings:
(1) “Commercial transaction” means any transaction entered into primarily for business or commercial purposes.
(2) “Reasonably equivalent value” means the value that the owner and the mortgagee or other creditor of the property being sold or otherwise disposed of agree to attribute to the property for the purposes of reducing the secured debt.
Section 13:4108.1 has never been judicially interpreted other than in discussions concerning its retroactivity. (But see University Properties Corp. v. Fidelity National Bank of Baton Rouge, 500 So.2d 888 (La. App. 1st Cir.1986), writ denied, 501 So.2d 762 (La.1987).) Therefore, we note the issue presented in this appeal requires a res nova review.
The record before us shows that Teche Bank obtained the Alberts’ property for $580.00 and sought a deficiency judgment for $121,652.91. During the pendency of the deficiency judgment proceedings, Teche Bank sold the property to a third party for $57,000.00 and credited the Alberts’ debt for that amount. (The suit for deficiency judgment is now for approximately $65,-000.00, considering the bank’s judicial admission of the $57,000.00 credit.)
As the trial judge stated, the issue presented in this case is whether a creditor should be allowed to foreclose on a debtor’s property, obtain the property for practically nothing, and then receive a deficiency judgment for the balance of the debt. Section 13:4108.1 only prohibits a creditor from obtaining a deficiency judgment in an amount greater than the amount of the obligation minus the reasonably equivalent value of the property sold.
Teche Bank contends § 13:4108.1 does not, in this instance, restrict its rights to a deficiency judgment because the facts do not evidence any “reasonably equivalent value of the property sold,” as defined in § 13:4108.1 B(2). The Alberts argue the “reasonably equivalent value” is the amount at which the property was appraised by appraisers representing both the creditor and the debtor. Although the statute does define “reasonably equivalent value,” that definition is not explicit.
At the time of the executory proceeding, the parties agreed upon the appraised value of the property. At the evidentiary hearing held in the deficiency proceeding, the parties stipulated as to the appraised value of the property. The trial judge determined “the only possible meaning that ‘reasonably equivalent value' can have is the appraisal value which was the accepted value by both parties.”
We have reviewed the record thoroughly and find no agreed upon value of the property. Therefore, under these facts, we believe the trial judge was wrong in dismissing Teche Bank’s suit for deficiency judgment.
Teche Bank received property worth $135,000.00, as appraised by the bank’s own appraiser, in satisfaction of a $121,-652.91 debt. Neither the fact that the property was sold for costs ($580.00), or *1233 that the bank sold the property to a third party for $57,000.00, should necessarily render the debtor liable for the difference if the parties agreed on the appraisal value, or any other value, as the amount by which the debt would be reduced. Here, however, there was no agreement as to the value of the mortgaged property, and the bank is entitled to seek a deficiency judgment for the balance of the debt.
In Louisiana National Bank of Baton Rouge v. Heroman, 280 So.2d 362 (La.App. 1st Cir.1973), writ denied, 281 So.2d 755 (La.1973), the appellate court pointed out some of the problems inherent in the Deficiency Judgment Act when property is sold at a second offering, as in the instant case:
The question of whether an obligor should be guaranteed a credit of at least two-thirds of the appraised value before being subjected to a deficiency judgment properly addresses itself to the Legislature. Nor does this record support the contention urged by defendants that LNB violated the letter or spirit of the law and improperly manipulated the sale of the mortgaged property pursuant to the writ of seizure and sale so as to warrant a determination that LNB should be deprived of the right to a deficiency judgment.
280 So.2d at 379.
The enactment of § 13:4108.1 did not solve the problems discussed in Heroman. As in Heroman, the Alberts, as obligors, are not guaranteed a credit of at least two-thirds of the appraised value of the mortgaged property, in the absence of an agreement to that effect. Likewise, as in Heroman, there is no evidence suggesting that Teche Bank improperly manipulated the sheriffs sale so as to obtain the property for costs. We note, however, that Teche Bank judicially admitted the reduced amount of the debt after giving the Al-berts’ credit for the sale of the property to a third party.
For the foregoing reasons, the judgment of the trial court dismissing Teche Bank & Trust’s deficiency judgment suit is reversed and set aside, and plaintiff’s deficiency judgment suit is reinstated. This matter is remanded to the trial court for further proceedings consistent with the views expressed. Costs are assessed to Wilbert Albert and Betty Jane Granger Albert, d/b/a Wilbert Albert’s Shell Station.
REVERSED AND REMANDED.